IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BRIAN MORGAN,

    Petitioner,

vs.                                                       No. CIV 22-0891 JB/SCY

UNITED STATES,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed November 22, 2022 (Doc. 1)("Petition"). Petitioner David Brian Morgan is incarcerated in Lexington, Oklahoma in the custody of the Oklahoma Department of Corrections. See Petition ¶ 2, at 1. He challenges the constitutionality of his 2011 Oklahoma State convictions and the United States District Court for the Western District of Oklahoma's dismissal of Morgan's previous petition for a writ habeas corpus. See Petition ¶¶ 5-6, at 1-2.

"District courts can grant habeas corpus relief only 'within their respective jurisdictions.'" Kelso v. Luna, 317 F. App'x 846, 847 (10th Cir. 2009)(quoting 28 U.S.C. § 2241(a)).[1] Morgan

---

[1] Kelso v. Luna is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Kelso v. Luna, Johnson v. Christopher, 233 F. App'x 852 (10th Cir. 2007), Faulkenburg v. Weir, 350

is confined at the Joseph Harp Correction Center in Lexington, Cleveland County, Oklahoma, which is in the Western District of Oklahoma.  See Petition ¶ 4, at 1; 28 U.S.C. § 116(c); Joseph Harp Corr. Ctr., https://oklahoma.gov/doc/facilities/state-institutions/joseph-harp-correctional-center.html (last visited April 14, 2023).  Morgan, therefore, should have filed his Petition in the United States District Court for the Western District of Oklahoma.

District Courts may sua sponte consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding.  See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006).  In lieu of dismissal, and in the interest of justice, a court may transfer a case to any district where venue and jurisdiction are proper.  See Johnson v. Christopher, 233 F. App'x 852, 854 (10th Cir. 2007)("To be sure, the district court ha[s] the discretion . . . to transfer [an inmate's] case . . . .  But [28 U.S.C. §] 1406(a) indicates that the district court 'shall dismiss' a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer.")(citing Doering ex rel. Barrett v. Copper Mtn., Inc., 259 F.3d 1202, 1209 n.3 (10th Cir. 2001)).  To determine whether a transfer is in the interest of justice, courts consider

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).  See Faulkenburg v. Weir, 350 F. App'x 208, 210 (10th Cir. 2009)(applying the same factors to a transfer).

Morgan seeks to challenge the United States District Court for the Western District of

---

F. App'x 208 (10th Cir. 2009), and Morgan v. Addison, 574 F. App'x 852 (10th Cir. 2014), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Oklahoma's 2014 decision dismissing his habeas petition as untimely.  See Petition ¶ 6, at 2; Order at 1-2, Morgan v. Addison, No. 5:14-cv-00337-R (W.D. Okla. May 27, 2014)(Doc. 11); Morgan v. Addison, 574 F. App'x 852, 852 (10th Cir. 2014).  In Morgan v. Addison, the Tenth Circuit affirms the district court's ruling that Morgan's § 2254 habeas petition was untimely, and denies Morgan's motion for a Certificate of Appealability ("COA").  See 574 F. App'x at 852-53.  Considering this case's history, the Court cannot conclude that Morgan filed his claims in good faith, that the claims are likely meritorious, or that they are timely.  It is therefore not in the interest of justice to transfer this matter to the Western District of Oklahoma.  The Court instead will dismiss this case for lack of jurisdiction.

When issuing a dispositive habeas ruling, the Court must consider whether to issue or deny a COA under rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court may issue a COA only where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court concludes that the lack of merit and time bar issues are not reasonably debatable, and will not issue a COA.

**IT IS ORDERED** that: (i) the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed November 22, 2022 (Doc. 1), is dismissed; (ii) this case is dismissed for lack of jurisdiction; (iii) the Petitioner's pending Motion for Prosecutorial Misconduct or in the Alternative Motion for Supervisory Control, filed December 9, 2022 (Doc. 4), is denied as moot; (iv) the Petitioner's pending Motion to Request Counsel for Petitioners, filed January 23, 2023 (Doc. 5), is denied as moot; (v) a certificate of appealability is denied; and (vi) a separate Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

David Brian Morgan
Lexington, Oklahoma

    *Petitioner pro se*

- 4 -